FILED

SEP 2 6 2013

United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ] | Case No. 11-55157-ASW |
| AMERICAN G.I. FORUM, | ]<br>] | Chapter 11 |
| Debtor. | ]<br>] | |

**MEMORANDUM DECISION DENYING MOTION FOR SUMMARY JUDGMENT**

Debtor in Possession American G.I. Forum (hereafter the "Forum") moves for an order granting summary judgment in favor of the Forum and disallowing the claim of creditor Abel Cota (hereafter "Cota") on the grounds that Cota perpetuated a fraud upon the Court which precludes the granting of any relief to Cota pursuant to Fed. R. Civ. P. 60 and 11 U.S.C. § 105. Cota has filed a creditor's claim against the Forum in the current bankruptcy in the amount of $197,500.00 arising from the alleged failure of the Forum to pay Cota back-pay for the time that Cota served as the Executive Director of the Forum. The Forum was engaged in a prior Chapter 11 bankruptcy proceeding, Case Number 06-51497-MM, where the alleged debt owed to Cota was neither scheduled nor claimed, and Cota allegedly paid himself for pre- and post-petition debt

during the pendency of that case.  Cota opposes the motion, and the Forum has replied.  Special counsel Eugene Flemate and attorney Charles Greene represent the Forum.  Attorney J. Joseph Wall, Jr. represents Cota.

In filing for summary judgment, the Forum represented that the Forum did not need to conduct any discovery and that the Court should decide the allowability of Cota's claim on the papers.  The Court has considered the parties' written arguments, evidence, and statements made at the hearing on March 30, 2013.  For the reasons explained below, the Forum did not establish that Cota's claim should be disallowed.[1]  Therefore, the Forum's Motion for Summary Judgment is denied.

## I. **Procedural History**

The Forum filed the instant Chapter 11 proceeding on March 30, 2011.  Cota filed a proof of claim on December 15, 2011, over two months past the deadline of October 4, 2011.  The Forum filed an objection to the claim based solely on timeliness.  The Court overruled that objection for Cota's excusable neglect under Fed. R. Bankr. P. 9006(b)(1), for reasons listed <u>infra</u>.

Cota then filed a Motion for Relief from Stay and sought an Order of Abstention on September 20, 2012, seeking to lift the stay to pursue a state court action against the Forum.  Cota originally set the Motion for hearing on November 14, 2012, but notice was defective.  The Motion was then re-set for hearing on January 18,

---

[1] Although the effect of this decision is to allow Cota to assert a claim, the claim remains unliquidated and disputed. Therefore, the Forum retains the right to challenge the amount of the claim.

Case: 11-55157    Doc# 143    Filed: 09/26/13    Entered: 09/27/13 11:54:59    Page 2 of 29

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

2013.  The Forum did not file a written opposition.  At the January 18, 2013 hearing, the Forum's counsel appeared and expressed an intent to oppose the Motion orally.  The Court informed the Forum's counsel that, in fairness to the other side, a written opposition was required, and the Court continued the matter.  Per the Forum's counsel's agreed upon schedule, the Forum's counsel was to file the opposition by February 4, 2013, with Cota's reply, if any, due by February 12.  The Forum did not file an opposition until February 11, but Cota still replied on the 12th --- arguing that the Court should strike the the Forum's opposition due to untimeliness.  The Court issued an order continuing the matter to March 1, 2013, and giving Cota until February 25, 2013 to supplement his reply to the Forum's opposition on the merits.

At the relief from stay hearing on March 1, 2013, the Court was prepared to rule on Cota's Motion, however, the Forum proposed to file this Motion for Summary Judgment before the Court gave its ruling on the Motion for Relief from Stay.  The Forum opposed returning to state court on the basis that the bankruptcy court was the more appropriate forum for a determination of Cota's claim, and indicated that the matter could be decided within the summary judgment context.  The Court and the parties agreed that the single dispositive issue at hand was whether, as a matter of law, Cota was precluded from filing a claim in the Forum's current bankruptcy case due to Cota's actions in the Forum's prior bankruptcy.  The Court asked if discovery was necessary, and the Forum's counsel indicated that no discovery was necessary, explaining that if the Forum were to admit one fact _arguendo_, only for the purposes of summary judgment, there would be no other material facts in

dispute. This single fact is that the Forum, as the Debtor in the prior bankruptcy, knew and colluded with Cota to defraud the bankruptcy court in the prior Chapter 11 case by hiding the alleged debt owed to Cota from the Court.

## II. **Standard of Review**

A court shall grant summary judgment if the pleadings and any filed affidavits, discovery responses and deposition testimony show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Bankr. P. 7056 (incorporating Fed. R. Civ. P. 56); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 584-85 (1986). Material facts are those that may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Id. When determining whether such a factual dispute exists, the Court may not weigh the evidence or make credibility determinations. Id. at 255; see also Bravo v. City of Santa Maria, 665 F.3d 1076, 1083 (9th Cir. 2011). Instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." Anderson, 477 U.S. at 255 (citing to Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)). If a genuine dispute as to a material fact exists, then summary judgment must be denied. Anderson, 477 U.S. at 249-50.

### III. **Statement of Material Facts**

The following facts are taken from the parties' respective declarations and exhibits, and from the record. Consistent with Fed. R. Civ. P. 56, the Court has construed all facts in a light most favorable to the non-moving party, Cota.

#### A. **Declaration of Robert Guerra**

The following facts are taken from the declaration of Robert Guerra, filed in support of Cota's opposition to the motion for summary judgment.

Robert Guerra was the former Chairman of the Board of the Forum from 2000-2007, and in July of 1999, the Forum hired Cota, via a written agreement, to serve as its Executive Director for a period of five years at a yearly salary of $65,000.00. Guerra Decl., ¶ 1. The written agreement also provided Cota the "option of contract renewal at the end of this five year contract upon the same or upon mutually agreed terms." Guerra Decl., ¶ 1.

The Forum ran into financial difficulties during that five year period but made partial payments to Cota throughout the contractual period. Guerra Decl, ¶ 2. The Forum promised to pay Cota his full salary once the Forum was in a financial position to do so. Guerra Decl., ¶ 2. While Mr. Guerra served as Chairman of the Board, the Forum orally renewed Cota's contract on a yearly basis pursuant to the same terms and conditions as set forth in the written agreement. Guerra Decl., ¶ 2. The Forum agreed to employ Cota as a consultant performing the services of Executive Director at an annual salary of $65,000.00. Guerra Decl., ¶ 2. This option was approved by the Board and the Membership, and Cota agreed to

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

provide services for the Forum and defer his payments until after Cota retired.  Guerra Decl., ¶ 2.

In August 2006, the Forum filed for bankruptcy.  Guerra Decl., ¶ 3.  Sidney Flores was the Forum's attorney at the time, and Mr. Flores had Robert Guerra appointed as the Responsible Individual representing the Forum in that bankruptcy.  Guerra Decl., ¶ 3.  Mr. Flores knew of the Forum's financial arrangement with Cota because Mr. Guerra and Mr. Flores had spoken about the arrangement.  Guerra Decl., ¶ 3.  According to Mr. Guerra, it was always understood that, despite the Forum's lack of cash flow, Cota would continue to provide services for the Forum and the Forum would make partial payments to Cota until the Forum was in a financial position to pay Cota his full salary and money past due or, at the latest, it was agreed that the Forum would pay Cota the full amount after Cota retired.  Guerra Decl., ¶ 3.

Mr. Guerra was the Forum's representative during the first bankruptcy case and he served as the designated Responsible Individual when Charles Greene succeeded Mr. Flores as the Forum's lawyer.  Guerra Decl., ¶ 4.  Mr. Guerra continued to serve in that capacity as the designated Responsible Individual until the Chapter 11 proceedings were dismissed on May 9, 2007.[2]  Guerra Decl., ¶ 4.

In June 2007, Mr. Guerra renewed Cota's option to serve as the Executive Director of the Forum for another year on the same terms and conditions as the previous years.  Guerra Decl., ¶ 5.  Again, Cota agreed to continue to provide services for the Forum and defer payments until after Cota retired.  Guerra Decl., ¶ 5.

_____

[2] The Court's electronic case file confirms that the prior case was dismissed on May 9, 2007.

Mr. Guerra served as Chairman of the Board until Mr. Guerra left the Board in or around May of 2008.  Guerra Decl., ¶ 6.  At no time from March 1999 through June 2008 was Cota terminated from the Forum or relieved of his duties as Executive Director of the Forum. Guerra Decl., ¶ 6.

## B. Declaration of Abel Cota

Cota filed a declaration in the Santa Clara County Superior Court which duplicates nearly all of the facts stated in Mr. Guerra's declaration.  This declaration was submitted by the Forum in support of summary judgment.

Cota's declaration confirms that Cota served as the Executive Director of the Forum under a written agreement for a five-year period at a yearly salary of $65,000.  Cota Decl., ¶ 1.  When the Forum ran into financial difficulties, the Forum became unable to pay all of Cota's salary.  Cota Decl., ¶ 2.  The Forum made partial payments to Cota throughout the contractual period and promised to pay Cota's full salary when the Forum was in a financial position to do so.  Cota Decl., ¶ 2.  At the end of the five-year period, Cota's contract was extended orally through the Board of Directors and its chairmen, David Rodriguez then Mr. Guerra.  Cota Decl., ¶ 2.  The extension was on the same terms and conditions as the written contract.  Cota Decl., ¶ 2.  The contract was renewed yearly until Cota retired in 2008.  Cota Decl., ¶ 2.  Cota's employment was not terminated.  Cota Decl., ¶ 3.

Cota performed his duties openly and publicly and interacted with the Forum's staff, accountants, and lawyers.  Cota Decl., ¶ 3. Cota advised the Forum's attorney, Sidney Flores, that the Forum

owed Cota money, and Mr. Flores acknowledged to Cota that Mr. Flores was aware of the financial arrangement between Cota and the Forum. Cota Decl., ¶ 3. Mr. Flores admitted to Cota that the Forum owed Cota money. Cota Decl., ¶ 3.

The Forum continued to make payments to Cota through June 2008, but the payments did not cover Cota's full salary. Cota Decl., ¶ 4. Cota routinely submitted invoices to the Forum for payment. Cota Decl., ¶ 4. According to Cota, there was always an understanding and agreement that the Forum would pay Cota his full salary for all of his services once the Forum was in a better financial position. Cota Decl., ¶ 6.

### C. Declaration of Charles B. Greene

In support of the instant motion, the Forum also filed a declaration from attorney Charles B. Greene. The declaration was prepared and filed in opposition to Cota's motion for relief from stay and for abstention, but the declaration sets forth several pertinent facts.

According to Mr. Greene, Mr. Greene was the Forum's attorney in the previous bankruptcy case pending before Judge Morgan. Greene Decl., ¶ 2. Mr. Greene stated that although the Responsible Individual was Robert Guerra, Mr. Greene also dealt directly with Cota. Greene Decl., ¶ 3. Mr. Greene stated that both Mr. Guerra and Cota represented to Mr. Greene that the only debts which the Forum had were those listed in an Exhibit A to a declaration signed by Mr. Guerra. Greene Decl., ¶ 3. Mr. Greene stated that it was based on this information that Mr. Greene filed a motion to disburse funds in the previous bankruptcy case. Greene Decl., ¶ 3.

Mr. Greene's declaration states, in relevant part: "No one ever mentioned to me that Abel Cota [was] not being paid as he now contends in his current claim against [the Forum]. Neither was any debt owing to Abel Cota ever listed in any schedule of debts although Abel Cota always had the ability to list the debt if he believed it really existed." Greene Decl., ¶ 4.

Mr. Greene's declaration then states that Mr. Greene moved to dismiss the previous bankruptcy case because there was no longer any reason for the bankruptcy. Greene Decl., ¶ 5. Mr. Greene states: "Specifically, I had been told by Abel Cota and everyone else that I dealt with that was related to [the Forum] that all of the pre-petition and post-petition creditors had been paid." Greene Decl., ¶ 5. Believing that all such debts had been paid, Mr. Greene then filed a declaration in support of dismissal of the previous case making the following representation on behalf of the Forum: "the Movant has sold one of its principal assets, and with the funds obtained from the sale, paid off, in full, all pre-petition creditors of the estate, <u>as well as paying all outstanding post-petition debt.</u>" Greene Decl., ¶ 5 (emphasis in original). The case was then dismissed. Greene Decl., ¶ 6.

### D. Second Declaration of Robert Guerra

Mr. Greene's declaration included a reference to a declaration prepared and signed by Mr. Guerra in support of the motion to disburse funds in the previous bankruptcy case. Generally, this declaration from Mr. Guerra explained why the disbursement was requested -- a piece of real property had been liquidated to pay creditors. Guerra Decl., ¶¶ 4-8. Mr. Guerra stated that the

purpose of the disbursement was "to pay in full all of those pre-petition and post petition creditors of [the Forum] who were not otherwise paid" from sale proceeds from the sale of real property. Guerra Decl., ¶ 7. Mr. Guerra then represented that Mr. Guerra had reviewed the creditors' claims that were filed in the previous bankruptcy case and had reviewed the Forum's accounts payable, and prepared a list of all claimants and the approximate amount of each claim. Guerra Decl., ¶ 8. Cota was not on the list which Mr. Guerra prepared.

### E. Declaration of Sidney Flores

Also in support of summary judgment, the Forum offered a declaration from Sidney Flores which was prepared in opposition to Cota's motion for relief from stay. Mr. Flores' declaration is pertinent to the instant summary judgment motion in several respects.

Mr. Flores' declaration explains that Mr. Flores was the Forum's attorney in the previous bankruptcy case before another attorney -- Charles Greene -- substituted into that case. Flores Decl., ¶ 3. While working on the previous case, Mr. Flores dealt directly with Cota even though Mr. Guerra was designated as the Responsible Individual. Flores Decl., ¶ 3.

In the declaration, Mr. Flores denied any knowledge of the financial arrangement between Cota and the Forum. Flores Decl., ¶ 5. Mr. Flores also denied making any admission that the Forum owed Cota money. Flores Decl., ¶ 5. Mr. Flores' direct denial of facts attested to by Cota creates a factual dispute which the Court is obliged to resolve in Cota's favor.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

However, Mr. Flores admitted that Cota told Mr. Flores that Cota believed that the Forum owed Cota money, and that some board members had told Cota that the Forum would pay Cota when the Forum had the money. Flores Decl., ¶ 6. Mr. Flores stated that Mr. Flores told Cota that anyone who was owed money needed to file a proof of claim, but Cota never did. Flores Decl., ¶ 6. Mr. Flores did not know that Cota was paying himself for pre-petition debt and instead believed that Cota was paying himself for current services. Flores Decl., ¶ 8.

### F. Declaration of J. Joseph Wall

The following facts are taken from the declaration of J. Joseph Wall, Jr. -- attorney for Cota -- filed in support of Cota's motion for relief from stay.

On January 21, 2010, Cota filed a lawsuit in Santa Clara County Superior Court against the Forum for failure to pay $197,500.00 in wages. Wall Decl., ¶ 1. Multiple sets of written discovery were propounded by the parties, and multiple depositions were taken during the 17 months the case was prosecuted in Superior Court. Wall Decl., ¶ 1. On December 6, 2010, Cota was awarded $92,040.00 against the Forum after evidence was presented at a non-binding arbitration. Wall Decl., ¶ 1. The Forum rejected that award and demanded a jury trial. Wall Decl., ¶ 1. On April 19, 2011, the Honorable Mark Pierce, a Santa Clara County Superior Court Judge, denied the Forum's motion for summary judgment in that court. Wall Decl., ¶ 1. Judge Pierce denied the motion because: (1) the Forum failed to meet the Forum's burden to demonstrate that Cota could not establish the existence of a contract; and (2) the

Forum's application of the statute of limitations as a defense did not dispose of the entire cause of action. On May 27, 2011, the case was assigned out to trial before the Honorable Brian Walsh. Wall Decl., ¶ 1.

On May 30, 2011, on the eve of trial, the Forum filed for Chapter 11 protection. Wall Decl., ¶ 1. On May 31, 2011, the trial judge stayed the case as a result of the bankruptcy. Wall Decl., ¶ 1. On April 5, 2012, at the status conference held in Superior court, Judge Pierce stated to counsel that the case could be set for trial within 90 days of its return from the bankruptcy court. Wall Decl., ¶ 2.

**G. Other Facts**

From this Court's docket and previous hearings, the Court takes judicial notice of the following facts concerning the instant bankruptcy case.

The instant Chapter 11 was filed on May 30, 2011. The deadline for filing a proof of claim was October 4, 2011, and Cota filed a proof of claim on December 15, 2011. The Forum filed an objection to the claim based solely on timeliness. On February 17, 2012, the Court overruled that objection for excusable neglect under Fed. R. Bankr. P. 9006(b)(1); the written order overruling the objection was signed on March 2, 2012, and docketed on March 5, 2012. (The Court's Order is Docket No. 51.) The Court reached that decision based on the fact that the delay was short, the delay had not impacted judicial proceedings in the case, and the Forum had not yet filed a proposed Chapter 11 plan. The Court also found a lack of prejudice to the Forum given that the Forum should not

have been surprised by the claim as it was scheduled, Cota's attorney had raised the claim at the creditor's meeting, and the Forum's attorney had indicated that a Chapter 11 plan would not be filed until after resolution of the pending state court litigation concerning the claim.

Counsel for the Forum filed a disclosure statement and Chapter 11 plan on March 23, 2012. The United States Trustee objected to the disclosure statement on May 23, 2012. Cota filed objections on May 25, 2012. After reviewing the disclosure statement and these objections, on June 25, 2012, the Court issued comments regarding the disclosure statement and Chapter 11 plan. The Court scheduled a hearing for September 28, 2012 with an amended plan and disclosure statement to be filed by August 24, 2012.

### IV. Discussion

The Forum has provided no authority on point for the legal principle the Forum asserts. That is to say, the Forum has not cited to (and the Court has not found) a single authority that stands for the proposition that a creditor is precluded from filing a claim in a current bankruptcy case, because, during the pendency of an unconfirmed previously dismissed bankruptcy, that creditor "hid" the claim from the court and used the debtor's funds to pay himself for pre- and post-petition debt.[3]

---

[3] Interestingly, whenever a case converts from one chapter to another, there is a new order for relief, a new § 341 meeting is held, and a new bar date is usually set for creditors to file claims. See 11 U.S.C. § 348 (conversion constitutes an order for relief); 11 U.S.C. § 341(a) (meeting of creditors convened within a reasonable time after the order for relief); Fed. R. Bankr. P. 1019(2) (new filing period for claims in cases converted to Chapter
(continued...)

The Forum has raised four main arguments.  First, the Forum argues that Cota's failure to file a claim in the previous case constituted a fraud on the court, therefore Cota should not be allowed to assert a claim in the instant bankruptcy case.  Second, the Forum argues that Cota's payment to himself (using the Forum's funds) for the Forum's pre-petition debt in the previous case constituted a fraud on the Court, and the Court has the power to avoid the transfers made to Cota in the prior bankruptcy.  Third, the Forum argues that the Federal Rules of Civil Procedure grant powers to the Court to provide relief from a final judgment, arguing that Cota's behavior amounted to fraud on the court, and referencing several dissimilar situations which convinced courts to do equity.  Finally, the Forum argues that Bankruptcy Code section 105 grants broad powers to the Court to protect the integrity of its proceedings.  The Court will address each argument in turn as well as other legal points not pleaded.

---

[3](...continued)
7, except in reconverted Chapter 7); Fed. R. Bankr. P. 3003 (allowing the Court to set the time for filing claims in a Chapter 11 case).  The parties have not cited to a single case in which a creditor was precluded from filing a claim in the converted case because the creditor had not filed a claim in the original case.
Logically, the filing of a new bankruptcy case after the dismissal of an earlier case -- which also gives rise to a new order for relief -- would have the same effect.  See 11 U.S.C. § 349(a) (dismissal of a case essentially restores the pre-petition status quo); In re Dumontier, 389 B.R. 890, 897 (Bankr. D. Mont. 2008) (dismissal restores the pre-bankruptcy status quo; it is as though the bankruptcy petition had never been filed); In re Income Property Builders, Inc., 699 F.2d 963, 965 (9th Cir. 1982) ("After an order of dismissal, the debtor's debts and property are subject to the general laws, unaffected by bankruptcy concepts.").

## A. Cota's Failure to File a Claim in the Prior Bankruptcy Case

The Forum argues that Cota's failure to file a claim in the first bankruptcy constituted a fraud on the court which precludes Cota's current claim. However, unless Cota desired to be paid from the prior bankruptcy estate, Cota was under no obligation to file a claim in that prior case. Therefore, his failure to file a claim cannot be said to be fraudulent.

The Forum argues that: (1) Cota was required under Fed. R. Bankr. P. 3003(c)(2) to file a proof of claim in order to participate in any distribution from the estate; (2) as the Forum's Executive Director, Cota knew all creditors were required to file a claim; and (3) Cota knowingly misled the Court when Cota did not file a claim, and the Forum did not list Cota as a creditor. While it is correct that in the Forum's prior bankruptcy, Cota did not file a claim and the Forum did not schedule the alleged debt, the effect of this inaction would have been to preclude Cota from taking part in the disbursement of the estate of the prior bankruptcy.[4] Cota's decision not to file a claim in the prior case would not necessarily have had any effect in this, a subsequent case.

In order to recover against a bankruptcy estate, creditors typically must file proofs of claim. See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 383 (1993); Fed. R. Bankr. P. 3003(c)(2). The Federal Rules of Bankruptcy Procedure permit bankruptcy courts to establish bar dates by which

---

[4] However, the prior bankruptcy case never had a confirmed plan and therefore there was never a disbursement.

proofs of claim must be filed or thereafter forfeited.  Fed. R.
Bankr. P. 3003(c)(3); In re First Magnus Financial Corp., 415 B.R.
416, 421-22 (Bankr. D. Ariz. 2009).

A creditor who wishes to participate in the distribution of an
estate is required to file a proof of claim, and while that
participation can be denied by the disallowance of the claim, the
underlying claim continues to exist and has viability until it is
discharged.  See Gaudio v. Stamford Color Photo, Inc. (In re
Stamford Color Photo, Inc.), 105 B.R. 204, 206 (Bankr. D. Conn.
1989) (citing Turner v. United States (In re G.S. Omni Corp.), 835
F.2d 1317, 1318-19 (10th Cir. 1987)); In re Wells, 227 B.R. 553,
560 (Bankr. M.D. Fla. 1998).  Bankruptcy Rule 3003(c)(2), provides
that any creditor who fails to file a proof of claim shall not be
treated as a creditor.  Failing to timely file a proof of claim
does not extinguish a creditor's status; it merely eliminates a
creditor's right to a distribution from an estate.  Thus, even if
Cota failed to timely file a proof of claim and was not entitled to
a distribution in the first bankruptcy case, he would nonetheless
have a "right to payment," as defined by § 101(5)(A), upon
termination of the automatic stay under § 362(c) and upon dismissal
of the case, if his claim had not been discharged under
§ 1141(d)(2).  A creditor's claim remains viable until it is
discharged.  Turner, 835 F.2d at 1318-19; In re Stamford Color
Photo, Inc., 105 B.R. at 206-07.

The claims bar date in the Forum's prior bankruptcy would have
been December 12, 2006; however, that bar date did not survive
dismissal of the prior bankruptcy.  The preconfirmation dismissal

restored the <u>status quo</u> existing prepetition.[5]  11 U.S.C. § 349; <u>In re Dumontier</u>, 389 B.R. at 897; <u>In re Income Property Builders, Inc.</u>, 699 F.2d at 965.  The filing of the new bankruptcy petition gave rise to a new order for relief and a new claims bar date.  <u>See</u> note 3, <u>supra</u>.  Because Cota's claim was not discharged in the prior bankruptcy, Cota was permitted to file a claim in the instant case, even though he did not file a claim in the earlier case.[6]

### B. Avoidance of Transfers

The Forum also alleges that Cota, as the Forum's Executive Director, continued to pay himself during the pendency of the prior bankruptcy case for pre- and post-petition debt which Cota maintained was owed to him, and that the Court was never advised by either the Forum, its attorneys, or Cota about these pre- and post-petition payments or the claim.  The Forum contends that Cota's conduct in this regard constituted a fraud on the Court which precludes Cota's claim in the instant bankruptcy case.  The Forum has agreed, for the purposes of this motion, that the Forum knew and colluded with Cota in hiding this debt.

The Court first addresses the Forum's contention that the failure to disclose these payments -- or the existence of Cota's claim -- to the Court during the prior bankruptcy case amounted to fraud on the Court.  For several reasons, the Court must reject this contention.  The parties' evidence, construed in a light most

---

[5] The Court will address the effect of the dismissal of the prior bankruptcy in the "The Power of the Court" discussion, <u>infra</u>.

[6] Whether the amount of the claim should be reduced as a matter of equity is not an issue before the Court; the parties have not raised or briefed this question in any event.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

favorable to Cota, shows that Cota did not conceal the payments or Cota's claim from the Forum or the Forum's attorneys. Instead, Cota made his financial arrangement with the Forum known to Mr. Flores -- the attorney who preceded Mr. Greene in the previous bankruptcy case. Ultimately, it was Mr. Greene who represented to the Court, in the context of a motion to dismiss the case, that all creditors had been paid.

Mr. Greene's representation was based upon a declaration from Mr. Guerra, who was the Responsible Individual, and upon oral statements by Mr. Guerra and Cota. According to Mr. Greene, Cota had told Mr. Greene that all creditors had been paid. In some respects, this was a true statement; all creditors who would otherwise have been entitled to disbursement in the Chapter 11 case had been paid. Construing the evidence favorably to Cota -- as this Court must -- Mr. Greene could simply have misunderstood the nature and scope of what Cota meant in representing that all creditors had been paid. From this evidence, the Court cannot conclude that Cota concealed information from Mr. Greene or intentionally encouraged Mr. Greene to make a false statement to the Court. Significantly, there is no evidence that Cota made any direct representations to the Court which were untrue.

As for the avoidability of the payments made to Cota, the Forum has cited no authority for this Court to take such action within the context of this case. The Forum argues that bankruptcy law gives a bankruptcy trustee, or a debtor in possession in a Chapter 11, certain extraordinary powers to avoid transfers and transactions that occurred before the bankruptcy filing. The Forum argues that 11 U.S.C. §§ 547, 548, and 549 should allow the Court

Case: 11-55157   Doc# 143   Filed: 09/26/13   Entered: 09/27/13 11:54:59   Page 18 of 29

to avoid the transfers Cota paid himself leading up to and through the pendency of the prior bankruptcy. The Forum also argues that a preference can be voided because it is not fair to the other creditors. However, these powers to avoid the transfers to Cota arose in -- and disappeared upon the dismissal of -- the prior bankruptcy case.[7] The Forum has not moved to reopen the prior case to avoid these, or any other, transfers.[8]

### C. Relief from Judgment

The Forum argues that Fed. R. Civ. P. 60[9] grants the Court the authority to provide relief from any final judgment, order, or proceeding for several grounds. Fed. R. Civ. P. 60(b) states in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> ...
>
> (3) fraud (whether previously called intrinsic or extrinsic),

---

[7] If the Forum paid Cota for pre-petition debt during the pendency of the prior bankruptcy case, and if there had been a confirmed Chapter 11 plan in that case, it is conceivable that the United States Trustee or a creditor might have had a cause of action to recover those pre-petition payments. However, because no Chapter 11 plan was ever confirmed in the prior case, such claims, if any, are likely moot due to the dismissal of the prior case. See note 3, supra, discussing the effect of dismissal.

[8] Neither the Forum nor anyone else has moved to reopen the prior bankruptcy case for this purpose at this juncture. However, it is clear that a motion to avoid the transfers is inappropriate in the case at bar.

[9] With limited exceptions not applicable in this case, Fed. R. Bankr. P. 9024 incorporates Fed. R. Civ. P. 60.

Case: 11-55157    Doc# 143    Filed: 09/26/13    Entered: 09/27/13 11:54:59    Page 19 of 29

> misrepresentation, or misconduct by
> an opposing party;
>
> . . .
>
> (6) any other reason that justifies
> relief.
>
> (c) Timing and Effect of the Motion.
>
> > (1) Timing. A motion under rule 60(b)
> > must be made within a reasonable time
> > — and for reasons (1),(2), and (3) no
> > more than a year after the entry of
> > the judgment ororder or the date of
> > the proceeding.

The Forum cites no specific final judgment, order, or proceeding that the Forum wants the Court to set aside. The only order that relates to the Forum's argument was the order dismissing the prior case, yet again the Forum has not moved to reopen and/or vacate the dismissal of the prior case.

If the Court assumes that the motion is appropriately made in the case at bar, the Court could not grant the relief sought under Rule 60(b). The prior Chapter 11 was dismissed in 2007, and the motion is well past the one-year deadline for filing motions under Rule 60(b)(3). While subsection (b)(6) is not limited to the same one-year deadline as subsection (b)(3), the motion must still be made within a reasonable time. Here, five years have passed from the dismissal, and the Forum has not cited any reason for this delay.[10] Further, a party cannot use Rule 60(b)(6) to set aside an order for grounds specifically set out elsewhere in Rule 60(b). Hesling v. CSX Transp., Inc., 396 F.3d 632, 643 (5th Cir. 2005).

---

[10] The Forum has also known the facts pertinent to the instant motion since 2007 -- i.e., that Cota did not file a claim in the prior bankruptcy case, that Cota was asserting a right to payment, and that Cota had received some pre- and post-petition payments relative to the prior bankruptcy petition.

1  In other words, a motion which argues that an order should be set

2  aside for fraud must be made under Rule 60(b)(3), and cannot be

3  made under Rule 60(b)(6).  Therefore, the Forum's request to set

4  aside the dismissal order is untimely.

5      The Forum also argues that the Court should set aside "a

6  judgment" under Fed. R. Civ. P. 60(d).  That Rule states, in

7  relevant part:

8          (d) Other Powers to Grant Relief.  This rule
           does not limit a court's power to

9

10             . . .

11         (3) set aside a judgment for fraud on
               the court.

12      No judgment was entered in the prior bankruptcy case which

13  could be set aside; there was only an order of voluntary dismissal,

14  without prejudice.  However, even if this Court were to assume that

15  the order of dismissal could be set aside in the same manner as a

16  judgment under Rule 60(d), the Court cannot do so for two reasons:

17  (1) any such motion needed to be filed in the previous case, and

18  not in the case at bar; and (2) the Forum has not demonstrated that

19  Rule 60(d) is satisfied.

20      It is correct that there is no time limit on setting aside a

21  judgment for fraud on the Court, nor can laches bar consideration

22  of the matter, and it does not matter whether a party bringing the

23  fraud to the Court's attention has clean hands.  However, fraud on

24  the court is a very exacting standard.  Not all fraud is fraud upon

25  the Court.

26      The Ninth Circuit has adopted the following definition of

27  "fraud on the court":

28

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

> "Fraud upon the court" ... embrace[s] only that
> species of fraud which does or attempts to,
> defile the court itself, or is a fraud
> perpetrated by officers of the court so that
> the judicial machinery can not perform in the
> usual manner its impartial task of adjudging
> cases that are presented for adjudication.

Appling v. State Farm Mut. Auto. Ins. Co., 340 F.3d 769, 780 (9th

Cir. 2003) (internal citations omitted).  In Appling, the Ninth

Circuit stated that "[f]raud on the court requires a 'grave

miscarriage of justice' . . . aimed at the court."  Id. (internal

citation omitted.)  To constitute fraud on the court, the alleged

misconduct must harm "the integrity of the judicial process."

Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir. 1989).

Generally, non-disclosure by itself does not constitute fraud

on the court, if there is no duty to disclose.  See England v.

Doyle, 281 F.2d 304, 310 (9th Cir. 1960).  In England, before the

commencement of an involuntary bankruptcy case by a creditor, the

debtor transferred over $74,000 in funds and property to the

debtor's attorney.  At some point prior to the adjudication of

bankruptcy, the attorney reached a nonbinding stipulation with the

creditor who had commenced the bankruptcy case, which was presented

to the bankruptcy referee in support of a continuance.[11]  Under the

stipulation, the matter would be continued and the debtor's assets

would be preserved.  The attorney then filed an ex parte request

for an order from the district court to allow the attorney to

return the funds and property to the debtor.  The district court

granted the request, the attorney returned the funds and property

to the debtor, and the debtor left the country.  The bankruptcy

trustee filed suit against the attorney, seeking to hold the

---

[11] The nature of the requested continuance is not clear.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

attorney accountable. The trustee argued that the district court's order allowing the attorney to return the funds and property to the debtor was obtained by fraud upon the court, because the attorney did not disclose the stipulation or the referee's non-final notice of a decision to declare the debtor a bankrupt. Because the stipulation was not binding and the referee's notice of decision was not final, the Ninth Circuit concluded that there was no duty on the part of the attorney to disclose either, and there was no fraud upon the court. Id. at 309-10.

Similarly, perjury by a party or witness, by itself, is not normally fraud on the court. See, e.g., Gleason v. Jandrucko, 860 F.2d 556, 559-60 (2d Cir. 1988); 12 James Wm. Moore & Joseph T. McLaughlin, Moore's Federal Practice § 60.21[4][c], at 60-56-57 (3d ed. 1998). The Gleason court reasoned that since perjury is an evil that could and should be exposed at trial, it should not qualify as fraud upon the court. See Gleason, 860 F.2d at 560.[12]

The burden is on the moving party to establish fraud by clear and convincing evidence. Atchison, T. & S.F. Ry. Co. v. Barrett, 246 F.2d 846, 849 (9th Cir. 1957); England, 281 F.2d at 309-10. Here, the Forum has not satisfied its burden to establish fraud upon the Court by clear and convincing evidence. See Atchison, T. & S.F. Ry. Co., 246 F.2d 846. Cota's failure to file a claim in the prior bankruptcy case does not factor into the fraud analysis at all, because Cota was not legally obligated to file one, as discussed supra. The only apparent arguable wrongdoing is the nondisclosure of facts pertinent to the dismissal by Cota -- a non-

---

[12] In any event, the Forum has also not established that Cota committed perjury or swore to any untrue statements.

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1  party individual who was not the Forum's designated Responsible

2  Individual.

3      If the Forum and Cota had an agreement that the Forum would

4  pay Cota for back-pay as funds became available to the Forum, and

5  if the parties opted to treat that debt outside of bankruptcy,

6  there can be no showing of what the Court may or may not have done

7  having been apprised of that agreement.  The Court might still have

8  dismissed the prior bankruptcy case in light of the fact that all

9  creditors who filed claims and would otherwise have been entitled

10  to disbursement under Chapter 11 had been paid in full.  More

11  importantly, the Forum has offered no evidence that Cota made false

12  statements or hid information from the Forum's attorneys with any

13  intent that Mr. Greene would make a false representation to the

14  Court in seeking dismissal of the earlier case.  There has been no

15  showing of any grave miscarriage of justice or any harm to the

16  judicial process.

17      The fact remains that for purposes of this motion, the Forum

18  was aware that Cota's debt was not satisfied at the time the Forum

19  moved for voluntary dismissal.  However, because a party's non-

20  disclosure by itself usually does not constitute fraud on the

21  court, and Cota was not even a party to the prior bankruptcy, there

22  was no fraud on the court by Cota.  See England, 281 F.2d at 304,

23  310.

24

25      **D. The Power of the Court**

26      The Forum has argued that this Court should disallow Cota's

27  claim based upon this Court's broad, equitable authority to protect

28

the integrity of its proceedings.  For this proposition, the Forum relies principally on 11 U.S.C. § 105.

Under § 105(a), "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  This statute does not confer upon the Court a "roving commission to do equity."  In re Saxman, 325 F.3d 1168, 1174-75 (9th Cir. 2003).  Instead, the Court's equitable authority is limited to carrying out the provisions of the Bankruptcy Code.  Id.; see also In re At Home Corp., 392 F.3d 1064, 1070 (9th Cir. 2004) (section 105(a) requires a bankruptcy court to "locate its equitable authority in the Bankruptcy Code").  The Court assumes, without deciding, that this equitable authority extends to situations in which the integrity of proceedings before the Court is under assault.

The Forum has not demonstrated that there has been any threat to the integrity of any proceedings in this Court or in the prior bankruptcy case.  Construing the evidence most favorably to Cota, the best the Forum's evidence shows is that Cota did not file a claim in the previous bankruptcy and failed to correct Mr. Greene's misconception that Cota lacked any right to payment.  The Forum has offered no evidence that Cota made any false representations to the Bankrupty Court which might have undermined the integrity of the proceedings in the previous case.  For this reason alone, disallowance of Cota's claim under § 105 would not be proper.

Moreover, the Court has some concern about affording equitable relief under § 105 in the context of a motion for summary judgment, in which the moving party claims an entitlement to judgment as a matter of law.  Equitable determinations generally require a court

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

to balance and weigh a variety of equitable considerations, but in the context of summary judgment, a court must construe all evidence in a light most favorable to the non-moving party and is expressly forbidden from weighing the evidence.[13]

Even assuming that the Court could make the equitable determination the Forum seeks, the Court concludes that the Forum has failed to demonstrate that such determination is appropriate. The Forum cites In re An Unknown Group of Cases Seeking to be Filed, 79 B.R. 651 (Bankr. E.D. Va. 1987) to support the principles that a bankruptcy court is a court of equity and can do what needs to be done under 11 U.S.C. § 105, as long as there is no abuse of that power; and that bankruptcy is not a right, it is a privilege. However, the facts of that case have no relation to the matter at hand. In that case, the court ruled, pursuant to the bankruptcy court's equitable powers, that large Chapter 7 cases of prospective debtors which provided contract services of physicians to nursing homes and hospital emergency rooms would not be accepted for filing until the United States Trustee was satisfied that no threat to public health existed. Id. at 653. There is no threat to public health in the instant case.

Next, the Forum argues that the basic purpose of § 105 is to enable the Court to do whatever is necessary to aid its jurisdiction, i.e., anything arising in or relating to a bankruptcy case. The Forum cites Allard v. Weitzman (In re Delorean Motor

---

[13] If the Court were to weigh the equitable considerations, the Court would necessarily have to weigh the Forum's alleged complicity in the misrepresentation made to the Bankrupty Court that all claims to creditors were paid in full, as well as any potential unjust enrichment to the Forum if Cota's claim were disallowed.

Co.), 991 F.2d 1236 (6th Cir. 1993), for this proposition. In that case, the Chapter 7 trustee brought an adversary proceeding for damages and injunctive relief based on a former fraudulent transfer. While the Forum has not sought injunctive relief, injunctive relief would appear to be the closest relief to precluding Cota from filing a proof of claim. The Allard court stated that § 105(a) "contemplates injunctive relief in precisely those instances where parties are 'pursuing actions pending in other courts that threaten the integrity of a bankrupt's estate.'" Id. at 1242; see also Baptist Med. Ctr. of New York v. Singh (In re Baptist Med. Ctr. of New York), 80 B.R. 637, 641 (Bankr. E.D.N.Y. 1987) (quoting Manville Corporation v. Equity Security Holders Committee (In re Johns-Manville Corp.), 801 F.2d 60, 63 (2d Cir. 1986)). Again, as explained above, the Forum has not demonstrated any threat to the integrity of the Forum's bankruptcy estate, either in the instant case or in the former, dismissed, bankruptcy case.

The Forum has also argued that Cota's claim should be denied because Cota is culpable of contemptuous conduct. The Forum cites to Fernos-Lopez v. U.S. Dist. Court for Dist. of Puerto Rico, 599 F.2d 1087 (1st Cir. 1979), for this proposition. In Fernos-Lopez, the bankruptcy judge found the creditor to be in contempt for refusing to obey orders to erase or relinquish a tape cassette recording of proceedings at a creditors meeting made without the court's permission. The creditor was fined $250, but he refused to pay the fine. These facts were certified by the bankruptcy judge to the district court. After a jury trial, the creditor was found guilty of contempt. He was given a three-month suspended sentence,

placed on probation for two years, fined $2,000, and ordered to reimburse the Government for all expenses incurred in the proceeding. <u>See</u> <u>Fernos-Lopez</u>, 599 F.2d at 1089. The present case is distinguishable. Here, Cota has not refused to obey an Order of this Court, and Cota has not refused to pay a sanction levied upon him. Therefore, there is no basis for denying Cota's claim on these grounds.

### V. <u>Conclusion</u>

The evidence submitted by the parties, viewed in a light most favorable to Cota, does not demonstrate that Cota made any false representation to the bankrupty court in the Forum's previous bankruptcy case such that Cota's claim should be disallowed in the case at bar. On this issue, the Forum advised the Court that there is no need for discovery and that the matter could be decided on the papers. Therefore, the Forum's motion for summary judgment is denied, and Cota's claim will not be disallowed.

**IT IS SO ORDERED.**

Dated: 9/26/13

_____
ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

Eugene Flemate
Law Offices of Eugene Flemate
552 N. Second St.
San Jose, CA 95112

Charles B. Greene
Law Offices of Charles B. Greene
84 W Santa Clara St. #740
San Jose, CA 95113

J. Joseph Wall, Jr.
Wall Law Firm
66 E. Santa Clara St., Suite 250
San Jose, CA 95113

John S. Wesolowski
Office of the United States Trustee
280 S 1st St. #268
San Jose, CA 95113-0002

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California